# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED-2

2018 MAR -8 PM 12: 03

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

CLERK
DOROTHY BROWN

| | | |
|---|---|---|
| XIOMARA VAZQUEZ, Special<br>Administrator of the Estate<br>Of SEBASTIAN SOTO, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. |
| PATRICIA D. CHICO, M.D.;<br>ESPERANZA HEALTH CENTERS,<br>a Corporation;<br>JAMES B. MELIA, M.D.;<br>LAWNDALE CHRISTIAN HEALTH<br>CENTER, a Corporation;<br>LESLIE M. BALLARD, M.D.;<br>ST. ANTHONY HOSPITAL,<br>a Corporation; | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

2018L002493
CALENDAR/ROOM B
TIME 00:00
Medical Malpractice

## COMPLAINT AT LAW

Plaintiff, XIOMARA VAZQUEZ, Special Administrator of the Estate of SEBASTIAN

SOTO, Deceased, complaining of defendants PATRICIA D. CHICO, M.D. (hereinafter "Dr.

Chico"), ESPERANZA HEALTH CENTERS, a Corporation (hereinafter "Esperanza Health"),

JAMES B. MELIA, M.D. (hereinafter "Dr. Melia"), LAWNDALE CHRISTIAN HEALTH

CENTER, a Corporation (hereinafter "Lawndale Health"), LESLIE M. BALLARD, M.D.

(hereinafter "Dr. Ballard") and ST. ANTHONY HOSPITAL, a Corporation (hereinafter "St.

Anthony"), pleading hypothetically and in the alternative, states as follows:

## COUNT I

### Medical Negligence – Dr. Patricia D. Chico, Esperanza Health Centers & St. Anthony Hospital

1

1. On or about November 12, 2016, and at all times mentioned herein, Dr. Chico was a physician licensed to practice medicine in the State of Illinois and was engaged in the practice of family medicine.

2. At the time and place aforesaid, Esperanza Health was an Illinois corporation in the business of providing medical care and treatment.

3. At the time and place aforesaid, St. Anthony was an Illinois corporation in the business of providing medical care and treatment.

4. At the time and place aforesaid, Xiomara Vazquez was admitted to St. Anthony for labor and delivery of her baby.

5. At the time and place aforesaid, Dr. Chico provided medical care and treatment to Xiomara Vazquez related to the labor and delivery of her baby.

6. At the time and place aforesaid, Dr. Chico was a duly authorized actual and/or apparent agent and/or employee of Esperanza Health.

7. At the time and place aforesaid, Dr. Chico was acting within the scope of her agency and/or employment with Esperanza Health during the care and treatment of Xiomara Vazquez.

8. At the time and place aforesaid, Dr. Chico was a duly authorized actual and/or apparent agent and/or employee of St. Anthony.

9. At the time and place aforesaid, Dr. Chico was acting within the scope of her agency and/or employment with St. Anthony during the care and treatment of Xiomara Vazquez.

10. At the time and place aforesaid, Xiomara Vazquez was 245 lbs and 5'2" in height.

11. At the time and place aforesaid, the clinical estimate of the weight of the baby was 8 lbs.

12.     At the time and place aforesaid, at approximately 8:30 p.m., Dr. Chico assessed Xiomara Vazquez' condition and determined she was at +1 station, dilatation complete and maternal expulsive pushing efforts began.

13.     At the time and place aforesaid, at approximately 9:30 p.m., Dr. Chico consulted Dr. Ballard with regard to the progress of maternal expulsive pushing efforts.

14.     At the time and place aforesaid, at approximately 9:30 p.m., Dr. Ballard assessed Xiomara Vazquez' condition and recommended that she continue with pushing efforts as long as there was progression in descent of the baby. At that time, Dr. Ballard suggested to Dr. Chico that if there was no progress in one hour, Dr. Ballard could re-evaluate Ms. Vazquez.

15.     At the time and place aforesaid, at approximately 10:00 p.m., Dr. Chico assessed Xiomara Vazquez' condition and found that her examination findings were unchanged from the previous examination.

16.     At the time and place aforesaid, at approximately 11:39 p.m., Dr. Chico noted that the baby's head crowned.

17.     At the time and place aforesaid, at approximately 11:40 p.m., Dr. Chico delivered the baby's head.

18.     At the time and place aforesaid, at approximately 11:40 p.m., Dr. Chico identified shoulder dystocia.

19.     At the time and place aforesaid, at approximately 11:40 p.m., Dr. Chico called for assistance due to the shoulder dystocia.

20.     At the time and place aforesaid, at approximately 11:41 p.m., Dr. Melia arrived to assist with the management of the shoulder dystocia and the delivery of the baby.

21. At the time and place aforesaid, at approximately 11:43 p.m., Dr. Ballard arrived to assist with the management of the shoulder dystocia and the delivery of the baby.

22. At the time and place aforesaid, at approximately 11:46 p.m., the baby was delivered.

23. On November 13, 2016, at approximately 12:02 a.m., Sebastian Soto was declared dead.

24. On or about November 12, 2016, and at all times mentioned herein, Dr. Chico had a duty to act as a reasonably careful family practice physician under the same or similar circumstances.

25. On or about November 12, 2016, and at all times mentioned herein, Dr. Chico, independently and as an agent and/or employee of Esperanza Health and/or St. Anthony, and each of them, were negligent in one or more of the following respects:

      a.     Failed to request a reevaluation by Dr. Leslie Ballard at 10:30 p.m.; or

      b.     Failed to properly manage the shoulder dystocia and deliver the baby alive.

26. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendants, Dr. Chico and Esperanza Health, plaintiff's decedent, Sebastian Soto, sustained injuries which resulted in his death on November 13, 2016.

27. Plaintiff, Xiomara Vazquez, is the duly-appointed Special Administrator of the Estate of Sebastian Soto, deceased, and brings this action pursuant to the Wrongful Death Act of the State Illinois, 740 ILCS 180/1 et. seq.

28.    Plaintiff's decedent, Sebastian Soto, left surviving him, Xiomara Vazquez, his mother, and Larry Soto, his father, both of whom have sustained pecuniary losses as a result of the death of Sebastian Soto, including, but not limited to, loss of society.

29.    Attached to the Complaint at Law, are the affidavits of plaintiff's attorney as well as the physician's reports as required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, XIOMARA VAZQUEZ, Special Administrator of the Estate of SEBASTIAN SOTO, Deceased, demands judgment against defendants PATRICIA D. CHICO, M.D., ESPERANZA HEALTH CENTERS, a Corporation, and ST. ANTHONY HOSPITAL, a Corporation, and each of them, in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, State of Illinois.

## COUNT II

**Medical Negligence – Dr. James B. Melia, Lawndale Christian Health Center & St. Anthony Hospital**

1.    On or about November 12, 2016, and at all times mentioned herein, Dr. Melia was a physician licensed to practice medicine in the State of Illinois and was engaged in the practice of family medicine.

2.    At the time and place aforesaid, Lawndale Health was an Illinois corporation in the business of providing medical care and treatment.

3.    At the time and place aforesaid, St. Anthony was an Illinois corporation in the business of providing medical care and treatment.

4.    At the time and place aforesaid, Xiomara Vazquez was admitted to St. Anthony for labor and delivery of her baby.

5

5.    At the time and place aforesaid, Dr. Melia provided medical care and treatment to Xiomara Vazquez related to the labor and delivery of her baby.

6.    At the time and place aforesaid, Dr. Melia was a duly authorized actual and/or apparent agent and/or employee of Lawndale Health.

7.    At the time and place aforesaid, Dr. Melia was acting within the scope of his agency and/or employment with Lawndale Health during the care and treatment of Xiomara Vazquez.

8.    At the time and place aforesaid, Dr. Melia was a duly authorized actual and/or apparent agent and/or employee of St. Anthony.

9.    At the time and place aforesaid, Dr. Melia was acting within the scope of his agency and/or employment with St. Anthony during the care and treatment of Xiomara Vazquez.

10.    At the time and place aforesaid, at approximately 11:39 p.m., Dr. Chico noted that the baby's head crowned.

11.    At the time and place aforesaid, at approximately 11:40 p.m., Dr. Chico delivered the baby's head.

12.    At the time and place aforesaid, at approximately 11:40 p.m., Dr. Chico identified shoulder dystocia.

13.    At the time and place aforesaid, at approximately 11:40 p.m., Dr. Chico called for assistance due to the shoulder dystocia.

14.    At the time and place aforesaid, at approximately 11:41 p.m., Dr. Melia was called to assist with the management of the shoulder dystocia and the delivery of the baby

15.    At the time and place aforesaid, at approximately 11:41 p.m., Dr. Melia arrived to assist with the management of the shoulder dystocia and the delivery of the baby.

6

16. At the time and place aforesaid, at approximately 11:43 p.m., Dr. Ballard arrived to assist with the management of the shoulder dystocia and the delivery of the baby.

17. At the time and place aforesaid, at approximately 11:46 p.m., the baby was delivered.

18. On November 13, 2016, at approximately 12:02 a.m., Sebastian Soto was declared dead.

19. On or about November 12, 2016, and at all times mentioned herein, Dr. Melia had a duty to act as a reasonably careful family practice physician under the same or similar circumstances.

20. On or about November 12, 2016, and at all times mentioned herein, Dr. Melia, independently and as an agent and/or employee of Lawndale Health and/or St. Anthony, and each of them, were negligent in one or more of the following respects:

      a. Failed to properly manage the shoulder dystocia and deliver the baby alive.

21. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendants, Dr. Melia and Lawndale Health, plaintiff's decedent, Sebastian Soto, sustained injuries which resulted in his death on November 13, 2016.

22. Plaintiff, Xiomara Vazquez, is the duly-appointed Special Administrator of the Estate of Sebastian Soto, deceased, and brings this action pursuant to the Wrongful Death Act of the State Illinois, 740 ILCS 180/1 et. seq.

23. Plaintiff's decedent, Sebastian Soto, left surviving him, Xiomara Vazquez, his mother, and Larry Soto, his father, both of whom have sustained pecuniary losses as a result of the death of Sebastian Soto, including, but not limited to, loss of society.

24.     Attached to the Complaint at Law are the affidavits of plaintiff's attorney as well as the physician's reports as required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, XIOMARA VAZQUEZ, Special Administrator of the Estate of SEBASTIAN SOTO, Deceased, demands judgment against defendants JAMES B. MELIA, M.D., LAWNDALE CHRISTIAN HEALTH CENTER, a Corporation, and ST. ANTHONY HOSPITAL, a Corporation, and each of them, in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, State of Illinois.

## COUNT III

### Medical Negligence -- Dr. Leslie M. Ballard, Lawndale Christian Health Center & St. Anthony Hospital

1.     On or about November 12, 2016, and at all times mentioned herein, Dr. Ballard was a physician licensed to practice medicine in the State of Illinois and was engaged in the practice of obstetrical medicine.

2.     At the time and place aforesaid, Lawndale Health was an Illinois corporation in the business of providing medical care and treatment.

3.     At the time and place aforesaid, St. Anthony was an Illinois corporation in the business of providing medical care and treatment.

4.     At the time and place aforesaid, Xiomara Vazquez was admitted to St. Anthony for labor and delivery of her baby.

5.     At the time and place aforesaid, Dr. Ballard provided medical care and treatment to Xiomara Vazquez related to the labor and delivery of her baby.

6. At the time and place aforesaid, Dr. Ballard was a duly authorized actual and/or apparent agent and/or employee of Lawndale Health.

7. At the time and place aforesaid, Dr. Ballard was acting within the scope of her agency and/or employment with Lawndale Health during the care and treatment of Xiomara Vazquez.

8. At the time and place aforesaid, Dr. Ballard was a duly authorized actual and/or apparent agent and/or employee of St. Anthony.

9. At the time and place aforesaid, Dr. Ballard was acting within the scope of her agency and/or employment with St. Anthony during the care and treatment of Xiomara Vazquez.

10. At the time and place aforesaid, Xiomara Vazquez was 245 lbs and 5'2" in height.

11. At the time and place aforesaid, the clinical estimate of the weight of the baby was 8 lbs.

12. At the time and place aforesaid, at approximately 8:30 p.m., Dr. Chico assessed Xiomara Vazquez' condition and determined she was at +1 station, dilitation complete and maternal expulsive pushing efforts began.

13. At the time and place aforesaid, at approximately 9:30 p.m., Dr. Chico consulted Dr. Ballard with regard to the progress of maternal expulsive pushing efforts.

14. At the time and place aforesaid, at approximately 9:30 p.m., Dr. Ballard assessed Xiomara Vazquez' condition and recommended that she continue with pushing efforts as long as there was progression in descent of the baby. At that time, Dr. Ballard suggested to Dr. Chico that if there was no progress in one hour, Dr. Ballard could re-evaluate Ms. Vazquez.

15. At the time and place aforesaid, at approximately 10:00 p.m., Dr. Chico assessed Xiomara Vazquez' condition and found that her examination findings were unchanged from the previous examination.

16. At the time and place aforesaid, at approximately 11:39 p.m., Dr. Chico noted that the baby's head crowned.

17. At the time and place aforesaid, at approximately 11:40 p.m., Dr. Chico delivered the baby's head.

18. At the time and place aforesaid, at approximately 11:40 p.m., Dr. Chico identified shoulder dystocia.

19. At the time and place aforesaid, at approximately 11:40 p.m., Dr. Chico called for assistance due to the shoulder dystocia.

20. At the time and place aforesaid, at approximately 11:41 p.m., Dr. Melia arrived to assist with the management of the shoulder dystocia and the delivery of the baby.

21. At the time and place aforesaid, at approximately 11:43 p.m., Dr. Ballard arrived to assist with the management of the shoulder dystocia and the delivery of the baby.

22. At the time and place aforesaid, at approximately 11:46 p.m., the baby was delivered.

23. On November 13, 2016, at approximately 12:02 a.m., Sebastian Soto was declared dead.

24. On or about November 12, 2016, and at all times mentioned herein, Dr. Ballard had a duty to act as a reasonably careful obstetrician under the same or similar circumstances.

25.    On or about November 12, 2016, and at all times mentioned herein, Dr. Ballard, independently and as an agent and/or employee of Lawndale Health and/or St. Anthony, and each of them, were negligent in one or more of the following respects:

      a.    Failed to re-evaluate the progression of labor at 10:30 p.m. and proceed to caesarean section; or

      b.    Failed to properly manage the shoulder dystocia and deliver the baby alive.

26.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendants, Dr. Ballard and St. Anthony, plaintiff's decedent, Sebastian Soto, sustained injuries which resulted in his death on November 13, 2016.

27.    Plaintiff, Xiomara Vazquez, is the duly-appointed Special Administrator of the Estate of Sebastian Soto, deceased, and brings this action pursuant to the Wrongful Death Act of the State Illinois, 740 ILCS 180/1 et. seq.

28.    Plaintiff's decedent, Sebastian Soto, left surviving him, Xiomara Vazquez, his mother, and Larry Soto, his father, both of whom have sustained pecuniary losses as a result of the death of Sebastian Soto, including, but not limited to, loss of society.

29.    Attached to the Complaint at Law are the affidavits of plaintiff's attorney as well as the physician's reports as required by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, XIOMARA VAZQUEZ, Special Administrator of the Estate of SEBASTIAN SOTO, Deceased, demands judgment against defendants LESLIE M. BALLARD, M.D., LAWNDALE CHRISTIAN HEALTH CENTER, a Corporation, and ST. ANTHONY HOSPITAL, a Corporation, and each of them, in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, State of Illinois.

Respectfully submitted,

BOUDREAU & NISIVACO, LLC

By: _John L. Nisivaco_
    John L. Nisivaco

John L. Nisivaco
BOUDREAU & NISIVACO, LLC
120 N. LaSalle Street
Suite 1250
Chicago, IL 60602
Tel:      (312) 263-0300
Fax:     (312) 263-1165
Atty No.   46668

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| XIOMARA VAZQUEZ, Special<br>Administrator of the Estate<br>Of SEBASTIAN SOTO, deceased,<br><br>           Plaintiff,<br><br>        v.<br><br>PATRICIA D. CHICO, M.D.;<br>ESPERANZA HEALTH CENTERS,<br>a Corporation;<br>JAMES B. MELIA, M.D.;<br>LAWNDALE CHRISTIAN HEALTH<br>CENTER, a Corporation;<br>LESLIE M. BALLARD, M.D.;<br>ST. ANTHONY HOSPITAL,<br>a Corporation;<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT

I, John L. Nisivaco, the affiant, on oath, state:

The total amount of money damages sought in this matter does exceed $50,000.00

_John L. Nisivaco_
John L. Nisivaco

SUBSCRIBED AND SWORN TO
before me this 6th day of March, 2018.

_Jessica Ardon_
NOTARY PUBLIC

> JESSICA ARDON
> Official Seal
> Notary Public • State of Illinois
> My Commission Expires Aug 25, 2019

Boudreau & Nisivaco, LLC
120 N. LaSalle Street
Suite 1250
Chicago, IL 60602
Tel:   (312) 263-0300
Fax:  (312) 263-1165
Atty No. 46668

## PHYSICIAN'S REPORT PURSUANT TO SECTION 2-622

1.  My name is ⸳                              I am a physician licensed to practice
    medicine in all of its branches. I am board certified in the area of Obstetrics and
    Gynecology. I am currently involved in the practice of obstetrics and gynecology.

2.  I have reviewed Xiomara Vazquez's medical records from the following medical
    providers:

    *   Medical records from St. Anthony Hospital;
    *   Fetal heart monitoring strips from St. Anthony Hospital;
    *   Medical records from Rush University;
    *   Medical records from Esperanza Health Centers;
    *   Medical records from Rush Oak Park Hospital; and
    *   Autopsy Report from Northshore University HealthSystem.

3.  I am familiar with the standard of care as it existed in the State of Illinois with respect to a
    physician licensed to practice medicine in all of its branches, including a physician who
    was treating a patient like Xiomara Vazquez in 2016.

4.  In my opinion, the medical records indicate that Dr. Patricia Chico and her employer,
    Esperanza Health Centers, failed to comply with the standard of care during the care and
    treatment of Xiomara Vazquez on November 12, 2016, in one or more of the following
    respects:

    *   Failed to request a reevaluation by Dr. Leslie Ballard at 2230;
    *   Failed to properly manage the shoulder dystocia and deliver the
        baby alive.

5.  In my opinion, the medical records indicate that Dr. James B. Melin and his employer,
    Lawndale Christian Health Center, failed to comply with the standard of care during the
    care and treatment of Xiomara Vazquez on November 12, 2016, in one or more of the
    following respects:

    *   Failed to properly manage the shoulder dystocia and deliver the
        baby alive.

6.  In my opinion, the medical records indicate that Dr. Leslie Ballard and her employer, Saint
    Anthony Hospital, failed to comply with the standard of care during the care and treatment
    of Xiomara Vazquez on November 12, 2016, in one or more of the following respects:

    *   Failed to reevaluate the progression of labor at 2230 and proceed to
        caesarian section;
    *   Failed to properly manage the shoulder dystocia and deliver the
        baby alive.

7. The negligence of Drs. Patricia Chico, James B. Melin, Leslie M. Ballard and their employers, Esperanza Health Centers, Lawndale Christian Health Center and St. Anthony Hospital, was a proximate cause of the death of Sebastian Soto.

8. In my opinion, there is a meritorious cause of action against Drs. Patricia Chico, James B. Melin, Leslie M. Ballard and their employers, Esperanza Health Centers, Lawndale Christian Health Center and St. Anthony Hospital, related to the care and treatment of Xiomara Vazquez and her son, Sebastian Soto.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

XIOMARA VAZQUEZ, Special )
Administrator of the Estate )
Of SEBASTIAN SOTO, deceased, )
  )
          Plaintiff, )
  )
    v. )   No.
  )
PATRICIA D. CHICO, M.D.; )
ESPERANZA HEALTH CENTERS, )
a Corporation; )
JAMES B. MELIA, M.D.; )
LAWNDALE CHRISTIAN HEALTH )
CENTER, a Corporation; )
LESLIE M. BALLARD, M.D.; )
ST. ANTHONY HOSPITAL, )
a Corporation; )
  )
          Defendants. )

## ATTORNEY AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622(a)(1)

John L. Nisivaco, being first duly sworn on oath, states as follows:

1.     I am one of the attorneys with responsibility for this matter on behalf of the Plaintiffs.

2.     I have consulted and reviewed the facts of this case with a health professional who is an actively practicing physician, licensed to practice medicine in all of its branches and is familiar with the area of medicine that is at issue in this particular action. The reviewing physician specializes in obstetrics and gynecology. The reviewing physician is familiar through experience and demonstrated competence with the standard of care for a physician, licensed to practice medicine in all of its branches, treating a patient like Xiomara Vazquez.

3.     The reviewing physician has determined in a written report after review of the medical records and other relevant material involved in this particular action that there is a reasonable and meritorious cause for the filing of this action against Drs. Patricia Chico,

James B. Melia, Leslie M. Ballard and their employers, Esperanza Health Centers, Lawndale Christian Health Center and St. Anthony Hospital.

4.     I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for the filing of this action against Drs. Patricia Chico, James B. Melia, Leslie M. Ballard and their employers, Esperanza Health Centers, Lawndale Christian Health Center and St. Anthony Hospital.

5.     A copy of the written report is attached hereto.

FURTHER AFFIANT SAYETH NOT.


_John L. Nisivaco_
John L. Nisivaco


SUBSCRIBED and SWORN to
before me this ⬡ day of March, 2018.

_Jessica Ardon_
Notary Public

```
JESSICA ARDON
Official Seal
Notary Public - State of Illinois
My Commission Expires Aug 25, 2019
```

John L. Nisivaco
BOUDREAU & NISIVACO, LLC
120 N. LaSalle Street
Suite 1250
Chicago, IL 60602
(312) 263-0300
(312) 263-1165 - fax
Firm ID: 46668