UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XIOMARA VAZQUEZ, Special Administrator of the Estate of SEBASTIAN SOTO, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; LESLIE M. BALLARD, M.D., and ST. ANTHONY HOSPITAL, <br><br> Defendants. | No. 18 C 5028 <br><br> Judge Coleman |

**UNITED STATES' MOTION TO DISMISS FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and in support states as follows:

1. On or about March 8, 2018, plaintiff Xiomara Vazquez, Special Administrator of the Estate of Sebastian Soto, deceased, commenced the above civil action against Patricia D. Chico, M.D., James B. Melia, M.D., Esperanza Health Centers, Lawndale Christian Health Center, Leslie M. Ballard, M.D., and St. Anthony Hospital, alleging medical malpractice. For purposes of this lawsuit, Esperanza Health Centers and Lawndale Christian Health Center are private entities that receive grant money from the Public Health Service pursuant to 42 U.S.C. § 233. In addition, Patricia D. Chico, M.D., and James B. Melia, M.D., were acting within the scope of their employment at Esperanza Health Centers and Lawndale Christian Health Center, respectively, with regard to the incidents referred to in the complaint.

2. On July 23, 2018, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of Esperanza Health Centers, Lawndale Christian Health Center, Patricia D. Chico, M.D., and James B. Melia, M.D., pursuant to 42 U.S.C. § 233.

3. This case is governed by 42 U.S.C. § 233, which makes the tort remedy against the United States provided in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, the "exclusive" jurisdictional basis for a common law tort claim against the an employee of the Public Health Service "while acting within the scope of his office or employment." *See* 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). Upon removal, this civil action is "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. 42 U.S.C. § 233(c).

4. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179; *see United States v. Kwai Fun Wong,* 135 S. Ct. 1625, 1633 (2015) (indicating that the requirement is jurisdictional).

5.     The complaint in this case does not allege that plaintiff ever presented the administrative claim required by the FTCA, and a search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiff has not filed an administrative tort claim with the Department.  Exhibit A (Declaration of Meredith Torres); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed for failure to exhaust administrative remedies.

                        Respectfully submitted,

                        JOHN R. LAUSCH, Jr.
                        United States Attorney

                        By: s/ Erin E. Kelly
                            ERIN E. KELLY
                            Assistant United States Attorney
                            219 South Dearborn Street
                            Chicago, Illinois 60604
                            (312) 886-9083
                            erin.kelly@usdoj.gov

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Xiomara Vazquez, Special Administrator of the Estate of Sebastian Soto, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> Patricia D. Chico, M.D.; Esperanza Health Centers, James B. Melia, M.D., Lawndale Christian Health Center; Lawndale Christian Health Center; Leslie M. Ballard, St. Anthony Hospital, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

DECLARATION OF
MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if an administrative tort claim had been filed with the Department with respect to Esperanza Health Centers, Lawndale Christian Health Center, its approved delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

1

4. I have caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Xiomara Vazquez, as Special Administrator of the Estate of Sebastian Soto, and/or an authorized representative relating to Esperanza Health Centers, Dr. Patricia D. Chico, Lawndale Christian Health Center and Dr. James B. Melia.

5. I have also reviewed official Agency records and determined that both Esperanza Health Centers and Lawndale Christian Health Center, was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2015, and that its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification issued by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services to Esperanza Health Centers and Lawndale Christian Health Center are attached to this declaration as Exhibit 1 and Exhibit 2.

6. Official Agency records indicate that Dr. Patricia D. Chico was employed at Esperanza Health Centers, at all times relevant to the Plaintiff's complaint in this case.

7. Official Agency records indicate that Dr. James B. Melia was employed at Lawndale Christian Health Center, at all times relevant to the Plaintiff's complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this ___2nd___ day of ___July___, 2018

_____
MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services

2